JAMES A. CASWELL, Appellant, v. ROBERT COOPER, Appellee.

### APPEAL FROM PEORIA.

Where a partnership has been dissolved, and one partner had assumed the entire control of the goods on hand, and sells a portion of them to the other partner, who signs a bill acknowledging the sale, an action at law will lie to recover the value of the goods.

If a plaintiff in a suit has been permitted to testify to the loss of an account, without objection, it will be too late to raise the objection in this court.

The circuit court has full power to make a formal amendment of a verdict.

COOPER sued Caswell before a justice of the peace on an account amounting to $61.05. The cause was submitted to a jury, who found for Caswell, and the justice taxed the costs to Cooper. Cooper appealed to the circuit court. On the cause being called for trial in the circuit court, it appeared that the original bill of particulars had become lost or mislaid, and the court allowed Cooper to file a substitute, which he did in words and figures following:

| JAMES A. CASWELL, | Bought of ROBERT COOPER, | |
|---|---|---|
| 1851. Oct. 30th, Bill of Glass, - - - - - | | 61.05½ |
| Castile Soap, 3 lbs. at 15 cts., . - - - | | 45 |
| Acknowledged, - - - - - - | | 61.50½ |
| | JAMES A. COOPER. | |

The plaintiff below, Cooper, proved the loss of the original bill, and called John Johnson, who testified to the jury that he was present at the trial before the magistrate; that the plaintiff, Cooper, produced an account or bill of particulars which was principally for glass; there were some other small items, not much, purporting to have been bought by Caswell of Cooper, amounting to not less than $50 and not exceeding $100.

The witness further stated that he was one of the jurors on the trial before the justice; the plaintiff (below), Cooper, was sworn on the trial before the justice; he, Cooper, testified that when they, the plaintiff and defendant, were dividing the property of the partnership, Caswell said he would like to get that lot of glass; that he, Cooper, said he might have it if there was anything going to him, if not, then Caswell should pay plaintiff for it; that the account was made and signed then; that Cooper also stated that there was nothing going to Caswell, but that Caswell was owing him, Cooper, largely; I got the impression that Cooper furnished the capital; the getting of the glass was at the time of the dissolution of the partnership; that Cooper further stated that he and Caswell

had been in partnership, and the goods were partnership property; that the witness, as juror, asked Cooper while on the stand before the justice, if Caswell was indebted to him, and Cooper said " Yes, largely." Johnson further stated that, at the bottom of the account or bill used on that trial was written words showing that Caswell received the goods in the bill.

This, with the bill of particulars filed in substitution of the one lost, was all the evidence.

The court gave the following instructions for plaintiff below:

The court is asked to instruct the jury that it is immaterial whether the property was partnership property or not; if the jury believe, from the evidence, that the bill of glassware was got by Caswell from Cooper, upon the condition that Caswell should pay for it in case it turned out that Cooper did not owe Caswell; and if they also believe, from the evidence, that Cooper did not owe Caswell, but, on the contrary, that Caswell owed Cooper, they should find for Cooper so far as proved.

That as the case stands, if Cooper owed Caswell it was incumbent on Caswell to prove it.

That the evidence of Cooper, that Caswell owed him, Cooper, upon settlement, having been elicited by the defendant himself on cross examination, is proper evidence to be construed against the defendant without other evidence that Caswell did owe Cooper on settlement.

That whether the goods were partnership property or *not*, if they were received by Caswell upon an agreement to pay for them in case Cooper did not owe Caswell, the jury must find for the plaintiff, unless they believe, from the evidence, that Cooper did owe Caswell to the amount of the bill of glass proved. If the jury believe, from the evidence, that such an arrangement or agreement as referred to in the foregoing instruction was made, and that Caswell was so indebted to the plaintiff, the plaintiff is entitled to recover.

The defendant asked the court to give certain instructions to the jury, some of which the court refused to give as asked, but gave them as modified—what was added thereto by the court being included in brackets.

The instructions as thus modified are as follows, to wit:

One partner cannot sue another at law on a matter growing out of a partnership transaction, unless there has been a settlement of the partnership transaction, a balance struck, and an agreement to pay.

If the jury believe, from the evidence, that the bill of glass received by the defendant was partnership property, then the plaintiff cannot recover, unless the plaintiff has shown that there was a settlement of the whole of the partnership business; that there has been a balance struck, and so much found

to be due to the plaintiff from the defendant, and an agreement to pay such balance [or that there was an agreement to pay upon a contingency that has happened].

The plaintiff must show, before he can recover, that the partnership matters had been settled; and if the jury believe, from the evidence, that the partnership matters and dealings are yet unsettled; and if they further believe, that the account in controversy grew out of a partnership matter, the jury should find for the defendant [unless the jury should also find that the defendant agreed to pay for the property on a contingency which has happened.]

If the jury believe, from the evidence, that the plaintiff and defendant had been in partnership before the defendant took possession of the goods in controversy, and if they further believe, that the said goods were partnership goods at the time defendant took them, and that there had not been a final settlement of the partnership concern, and that the glass was handed over as a part of said partnership property to defendant, and not as a balance due from the defendant to the plaintiff [and without any agreement to pay for them,] they should find for the defendant.

If the jury believe, from the evidence, that the goods in controversy were partnership goods at the time they were received by the defendant, and if they further believe, from the evidence, that the partnership of Cooper and Caswell is still unsettled, and the firm is largely indebted, the plaintiff cannot maintain this action, and they should find for the defendant [unless the jury should further find that the defendant promised to pay for the glass on a contingency that has happened.]

The jury found the issues for the plaintiff, and assessed his damages at the sum of $61.50.

The defendant entered a motion in arrest of judgment, and for a new trial.

The court overruled said motion, and rendered judgment upon the verdict, and the defendant excepted.

Caswell appealed to this court, and assigns errors.

Grove and McCoy, for Appellant.

J. K. Cooper, for Appellee.

Scates, C. J. The testimony given by defendant, Cooper, having been received without objection, it is too late to raise it in this court. From that statement of defendant, it appears that plaintiff would be indebted to him upon final settlement of partnership dealings. The partnership had been dissolved,

and defendant had assumed the entire control of the goods on hand, apparently upon the ground that all the partnership effects would belong to him on settlement.

In disposing of the goods, the articles in the bill sued for in this case, were sold to plaintiff, by defendant, at plaintiff's request, and for which he signed a bill of sale, acknowledging the purchase of defendant.

Under the state of facts shown in this case, we see no reason why defendant may not sue at law for the value of these goods. The action is supportable upon principle, and is strongly analogous to *Rockwell* v. *Wilder*, 4 Metcalf R. pp. 561–2; *Smith* v. *Allen*, 18 John. R. 247, and *Van Ness* v. *Forrest*, 8 Cranch. R. 30 (3 Cond. R. 102), were decided upon, and to support the same distinction from, or exception to the general rule. That is correctly laid down in *Davenport* v. *Gear et al.* 2 Scam. R. 498; *Frink et al.* v. *Ryan*, 3 ibid. 325, and *Bracken* v. *Kennedy et al.* ibid. 564.

The reasons which apply to the case of one partner suing another, or a firm suing a partner, or a partner suing a firm, for a partnership transaction, do not apply to such a transaction as this. Here defendant for himself, sold the goods to the plaintiff, taking a promise to pay to himself, and not to the firm. The condition or proviso upon which it might have been defeated, not appearing to have existed, we must treat it as an absolute sale, and an absolute promise, individually, to defendant.

We perceive nothing in the rule, nor the reasons of the rule, which forbid a suit at law under circumstances like these. Partners, unless restrained by articles or agreements, may withdraw of the funds or property for their individual use. And so one partner may appropriate, by the sale, and a promise of payment to himself individually, the property or its value. If made without fraud the purchaser would be protected, although a partner, and an action at law might lie upon the promise, although the amount, when recovered, might, in equity, be treated as partnership effects in his hands.

Such, we think, is clearly the scope of the principle of express promises. We need not discuss it in the whole extent of its application to partnership transactions or property. There might be circumstances under which it would be extremely difficult to distinguish. We leave extreme cases to be passed upon, when presented. This is not one of them, and we think there is no error in the instructions given. Beside the smallness of the sum, would require a clear case before we should compel a party to seek redress by the more tedious and expensive proceedings of a court of equity for an account.

Viewing all the points raised, and we still find no ground of interfering. The objection here to defendant's statement in evidence, comes too late—the court had full power to make a formal emendation of the verdict—and we find no error in the instructions.

*Judgment affirmed.*